## Conrad Littiech

*v.*

## Samuel Mitchell.

Evidence—*objection to, waived if admitted without exception.* In a suit for obstructing a road it is erroneous to permit evidence of obstruction to the road, at places other than the one complained of, and by other persons; but if such evidence is admitted without objection, the presumption is that the objection is waived, and it can not be urged as error, for the first time, in this court.

Appeal from the Circuit Court of Mercer county; the Hon. George W. Pleasants, Judge, presiding.

Mr. James W. Davidson, for the appellant.

Messrs. Pepper & Wilson, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

There are several questions in this case that were presented and considered in the case of *Galbraith* v. *Littiech, ante,* p. 209, which we shall not again discuss. It is, however, urged that the court erred in this case in admitting evidence and in giving instructions for appellee. The court below admitted evidence, on behalf of the defendant, that the road was obstructed at other places and by other persons. This was, no doubt, erroneous; but we fail to find that appellant objected to its admission, or excepted to the decision of the court in allowing it to go to the jury. Having been admitted without exception, the presumption is that all objection to its admissibility was waived, and it can not be insisted upon as error, for the first time, in this court. The objection should have been noted and preserved at the time, or raised by instruction to the jury asking the court to direct them to disregard that evidence in forming their verdict.

Again, appellant, in his examination in chief, spoke of the same obstructions. If injurious to his case, or inadmissible in evidence, he should not have called it out; but, having done so, the other side had a right to pursue the same line of inquiry. In fact, it was almost impossible to prove the line of this road as located, without the witnesses speaking of the various obstructions.

The evidence, we think, leaves scarcely a doubt that the road was located on appellee's land, and that he fenced all of his land, and consequently inclosed the road at that point. We are, therefore, clearly of opinion that there is no evidence to support the verdict, and the court below should have set it aside. The witnesses on the part of appellant were clear, positive and consistent in their evidence that the road was located over this land, whilst appellee's witnesses are indefinite and uncertain as to where the road was located, and only testify that at the point of obstruction there were several traveled tracks.

We are also of opinion, that some of the instructions contravene what has been said in *Galbraith's case*, and should have been modified. The nineteenth of appellee's instructions was wrong, as it had no evidence on which to base it. There was no evidence, so far as we can see, that the public authorities ever abandoned this road. The evidence all shows that the road was extensively traveled until obstructed by appellee or others. Nor is there evidence that any other road accommodated this travel. The instruction should not have been given as asked, but should have been modified or refused.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*